In the Matter of CREIGHTON M. ENGLISH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 31, 1992

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Richard S. Scanlan,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with six

allegations of professional misconduct. The Special Referee sustained Charges One and Three and did not sustain Charges Two, Four, Five, and Six. The petitioner moves to confirm the report of the Special Referee insofar as it sustained Charges One and Three and to otherwise disaffirm the report. The respondent cross-moves to disaffirm the report of the Special Referee insofar as it sustained Charges One and Three and to otherwise confirm the report.

Charge One alleges that the respondent has been guilty of engaging in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (A), (B), and (C) (22 NYCRR 1200.24 [a], [b], [c]). In or about 1971, Thomas F. English, Jr. was appointed to the position of Village Attorney for the Village of Elmsford in Westchester County, New York. The position of Village Attorney for the Village of Elmsford is a part-time position. The Village Attorney is appointed for a term of office and thus acts in a continuing capacity. In or about 1984, the firm of English and English, whose partners are Thomas F. English, Jr. and his son, the respondent Creighton M. English, was retained to represent the executrix of the estate of Charles Switzer, Jr.

On or about December 9, 1987, the Zoning Board of Appeals of the Village of Elmsford met to hear the appeal of the estate of Charles Switzer, Jr., from the determination of the Building Inspector, dated November 24, 1987, denying a certificate of occupancy for premises located at 11 North Evarts Avenue in Elmsford. The respondent and Thomas F. English, Jr. appeared at this meeting as the attorneys for the estate. At this meeting, the respondent submitted or caused to be submitted to the Zoning Board of Appeals an affidavit in support of the application by the estate in which Thomas F. English, Jr. states that he is the Village Attorney, and does not reveal that he represents the estate. During this meeting, the Board chairman requested advice from Thomas F. English, Jr., as Village Attorney. Thomas F. English, Jr. answered the chairman's questions regarding the Village Code.

Charge Three alleges that the respondent has been guilty of engaging in an impermissible conflict of interest in violation of DR 5-105 (A), (B), and (C). On or about December 9, 1987, the Zoning Board of Appeals unanimously denied the application of the estate of Charles Switzer, Jr. By verified petition dated January 8, 1988, the firm of English and English brought a proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, against the Zoning

Board of Appeals of the Village of Elmsford, its members individually, and the Building Inspector, while Thomas F. English, Jr. continued to hold the office of Village Attorney for the Village of Elmsford.

After reviewing all the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in Charges One and Three. The petitioner's motion should be granted insofar as it seeks to confirm the report of the Special Referee as to Charges One and Three and should otherwise be denied. The respondent's cross motion should be granted to the extent that it seeks to confirm the Special Referee's report with respect to Charges Two, Four, Five, and Six and should otherwise be denied.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the respondent's prior unblemished record. Accordingly, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent Creighton M. English is hereby censured for his professional misconduct.